IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSA NEHMELMAN for herself and on behalf of similarly situated others,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>PENN NATIONAL GAMING, INC. AND EMPRESS CASINO JOLIET d/b/a HOLLYWOOD CASINO JOLIET,<br><br>　　　　　　Defendants. | No. 1:11-CV-00023<br><br>Magistrate Judge Sheila M. Finnegan |

### JOINT MOTION FOR FINAL APPROVAL OF JOINT AGREEMENT FOR SETTLEMENT, RELEASE AND DISMISSAL

Plaintiffs, Nehmelman, et al., for themselves and on behalf of a class of similarly-situated current and former employees of Penn National Gaming, Inc. and Empress Casino Joliet d/b/a Hollywood Casino Joliet ("Defendants"), and Defendants hereby jointly move this Court for Final Approval of the Joint Agreement for Settlement, Release and Dismissal, and in support of this motion, the parties state as follows:

1.　The parties incorporate by reference Plaintiffs' previously filed Motion for Preliminary Approval of Class Action Settlement. (Dkt. #134)

2.　On July 10, 2012, the Court entered its Preliminary Approval Order regarding the Joint Agreement for Settlement, Release and Dismissal in this case. (Dkt. #136)

3.　In accordance with the Court's Preliminary Approval Order, notices have been provided to class members. The Notices were disseminated by a Claims Administrator. The Claims Administrator was provided a list of all Settlement Class Members which was drawn

-2-

from a computerized database. Following the Court's preliminary approval of the Joint Agreement for Settlement, Release and Dismissal, the Claims Administrator provided individual notice to each Settlement Class Member for whom deliverable addresses were obtained. The Claims Administrator kept records of all notices returned for any reason, and made substantial efforts to determine recent addresses for returned notices and forwarded new notices. *See Adams v. Southern Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1286-87 (11th Cir. 2007) (approving of a similar process).

4. Counsel for Defendant distributed Notices required under the Class Action Fairness Act to the appropriate federal and state officials within ten (10) days of the Court's Preliminary Approval Order.

5. As of the date of this filing, the parties understand that: a) no objections have been filed to the Joint Agreement for Settlement, Release and Dismissal ("Settlement and Release"); b) no notices of intent to appear to oppose the Settlement and Release have been filed or served; c) only one (1) individual has opted out of the Opt-Out Class; d) 172 individuals have opted in to the Opt-In Class; and e) at least 304 persons who did not opt-out are eligible for a payments pursuant to the Settlement Agreement. (*See* Exhibit 2 to Memorandum in Support: Declaration of Bernella Osterland, Gilardi and Co.).

6. The Settlement and Release provides a fair and equitable distribution of the funds to all Settlement Class Members. Subject to Court approval, all Claimants who failed to opt out will receive $1.50 for each workweek worked in an applicable position during the applicable time period. In addition to the $1.50 for each workweek, all 172 Claimants who opted-in will receive an additional $1.25 for each workweek worked in an applicable position during the applicable time period plus $24.76 for each training hour attended.

7. The Parties agreed that the Opt-In Class Members and Rosa Nehmelman will execute individual releases as provided for in Settlement and Release Exhibits D and E, respectively.

8. The Parties agreed that the following release language would either appear on the back of the Settlement Class Checks, or if space does not allow, will be incorporated by reference on the back of the check:

> I agree that I have received payment for alleged damages due for any and all claims asserted in *Nehmelman v. Penn National Gaming, Inc. and Empress Casino Joliet Corporation, d/b/a Hollywood Casino Joliet* (U.S. District Court for the Northern District of Illinois, Court No. 11 C 23) ("Released Claims"). The Released Claims include all claims for unpaid regular or overtime wages, any related wage and hour claims, penalties, punitive damages, interest and liquidated damages on such claims, and attorneys' fees and costs related to such claims, arising on or before the date of the Final Approval Order.

9. As shown by the class support of the settlement, and the lack of any objections to the settlement, the Settlement and Release is fair, reasonable, just and adequate and should be finally approved. *Magione v. First USA Bank*, 206 F.R.D. 222, 227 (S.D. Ill. 2001), *Hispanics Unites of DuPage Cty. v. Village of Addison, Illinois*, 188 F. Supp. 1130, 1169 (N.D. Ill. 1997) (finding the settlement fair when a small number of class members objected).

WHEREFORE, Plaintiffs and Defendants request this Court order: 1) that this action be finally certified as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement; 2) that the Opt-In Settlement Class be finally certified under Rule 216(b) for purposes of settlement; 3) that the Joint Agreement for Settlement, Release and Dismissal is fair, reasonable, just and adequate and should be finally approved; and 4) that the Consent Decree (*See* Exhibit 1: Settlement Agreement and Release at Exhibit G) dismissing this matter, with prejudice, be entered pursuant to the terms of the Joint Agreement for Settlement, Release and Dismissal.

-4-

Respectfully submitted,

By: s/ *Jody A. Boquist*                By: s/ *Walker R. Lawrence* (with permission)
Jody A. Boquist                            Aaron B. Maduff
Kathryn E. Siegel                        Walker R. Lawrence
Littler Mendelson, P.C.                Maduff & Maduff, LLC
321 North Clark Street, Suite 1000     205 North Michigan Avenue, Suite 2050
Chicago, IL 60654                      Chicago, IL 60601
312.372.5520                             312.276.9000

*Attorneys for Defendants*               *Attorneys for Plaintiffs*

-5-

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Aaron B. Maduff abmaduff@madufflaw.com
Michael L. Maduff mlmaduff@madufflaw.com
Walker R. Lawrence wrlawrence@madufflaw.com
Maduff & Maduff, LLC

      /s/ Jody A. Boquist